on behalf of your party. Thank you, Your Honor. I'm Robert Markfield, and I represent the defendant, Xavier Edgecombe, in this matter. May it please the Court and Counsel, there are two issues that I would like to address today. The original post-conviction issue of whether the defendant stated the gist of a meritorious claim of ineffective assistance of appellate counsel, and also the supplemental issue of whether the minimus needs to be corrected. Because the former issue is of paramount concern to my client, I would like to talk about that first. The issue that defense counsel, the appellate counsel, failed to raise in his brief was that the trial court's, was to challenge the trial court's refusal to provide the jury with requested clarification on the instruction-defining mitigating factor in the context of the defendant's affirmative defense of second-degree murder. The jury said, we're confused, we need clarification. No clarification was given. What do you suggest the judge should have done? Simply to, almost as an English teacher would, break down a very complex, multi-clause instruction into component parts and make sure that the... So are you attacking the adequacy of the instruction itself? No, Your Honor. I'm challenging whether the jury understood the instruction. The instruction was fine, but if the jury didn't understand what it meant or how to do it, I'm just simply saying, the instruction is clear and its application should flow from its clear language. All you really need to do is spend a little more time reviewing the instruction and I think that clarity will come to you. Well, I think that the jury did spend some time. The instruction was underlined and boxed. It was a complex instruction. It is a multi-clause instruction requiring a preponderance standard, whereas the usual is a reasonable doubt. It's an unusual instruction and it's complicated and the judge should have guarded against the possibility that the jury was going to decide this critical issue on the basis of misunderstanding. So where do you think the jury could have misunderstood resulting in the first degree murder conviction instead of the second degree? The jury, well, they said they misunderstood mitigating, what the phrase mitigating factor meant and how to apply it. Well, we know that in order to find, before you can even get to second degree, the jury has to be satisfied that first degree has been proven to be unreasonable doubt. Yes, Your Honor. And the only question is that the mitigation can reduce it to a second degree. Yes, there was record evidence that this defendant was in, was that he shot in a panic, afraid that deadly force was about to be used against him. Of course, the instruction requires that what the defendant believed, it was a subjective standard. The jury is supposed to get into this defendant's head and they're supposed to decide on the basis of a preponderance standard. These are unusual inquiries for a jury and I would submit that the instruction is clear perhaps to a lawyer, but it is a complex multi-clause instruction and this jury said they needed clarification and the judge should have taken the jury at its word. What if the real problem with the jury was that they were looking at, the difficulty for them was whether the mitigation that was presented was sufficient to meet that preponderance of the evidence standard, to reduce it to second degree, and that was their real problem, whether or not, and they wanted instruction from the judge to tell them whether this was sufficient or not, and could the judge have said anything like that? I think that the judge should have erred on the side of making sure that the jury, what the nature of the jury, was not confused with the judgmental principle. Trial court has the obligation to seek clarification of the source of the jury's confusion. If the question is unclear, an attempt to clarify the matter of law about which the jury manifests confusion. We don't know what was going through the jury's mind and it would have taken just a brief moment for the judge to determine it. So tell us, what should the judge have done? Should he have defined unreasonable? The first thing the judge should have done is to, if the judge was confused about the instruction, was to inquire as to the basis of the confusion, not simply assume that they had just taken a cursory look and just needed to get their heads in the game, as it were. Tell me, you're a lawyer. What are you going to tell the judge to do? What should he have done differently? I would go through each phrase of the instruction. Do you understand mitigating factor? Do you understand preponderance? Do you understand all the, that you're supposed to take all the evidence into account? Each phrase, just go through. Do you understand this? Do you understand this? Do you understand this? Let me stop you right there. Isn't that something the jury could have done on its own during its deliberations in the course of discussing it with the, among the 12 citizens? Very possibly, but the jury said that they couldn't do it. They said they were confused and they needed clarification. Now, when you say the jury said, you don't know whether it was one person on the jury, two people who felt that way, or isn't that the way it usually is? Isn't it usually one person who has a comment to make? Enough felt that way, Your Honor, for them to send back a written note to the court asking for clarification. Well, after the court did what they did, the jury was able to render a verdict within 30 minutes. Yes, Your Honor. My memory is 50 minutes, but very quickly. So obviously, whatever confusion there was, they probably talked among themselves and worked it out. Wouldn't that be a reasonable interpretation? Or perhaps they rendered a verdict very quickly based on a confused and mistaken interpretation of this. Could people get confused over the word reasonable? Wouldn't this world be in a lot of trouble if there's confusion over the word reasonable? The world is, yes, I think is in a lot of trouble. And this jury just said it was confused. And I think that the judge as governor of the trial should have at least inquired into the basis of that confusion and offered and helped allay the confusion in whatever manner the judge could have. Can you help us out? Because there are cases that say the judge was not obliged to answer a question given by a jury, and other cases that say questions should have been answered by the judge. Where's the dividing line? Or what's the standard that we apply to say an answer should have been given or no answer was required? Where's that line? I think that one of the most important is whether the jury's question went to a core issue in the case or whether it was peripheral. And here this was the very instruction on the defendant's best affirmative defense, second degree murder. So I think, and in other factors, the clarity of the instruction itself. I mean, I do really feel that if one reads through this instruction, it is more complicated than the norm. The instruction has been around for a long time, hasn't it? Yes, Your Honor, but Do we have any cases that say the instruction is unduly complicated? No, Your Honor, but the plain language of the instruction, I think, seen from the perspective of just a layman, I think that it's fair to draw that conclusion. We can go to the supplemental issue, if you wouldn't mind. Yes, Your Honor. On resentencing, the remaining bone of contention, after it's been thrashed out in the supplemental briefs, is whether Mr. Edgecumbe is subject to the 25 year to life sentence of firearm enhancement on his conviction for attempt murder. He got one on first degree murder. Does he need to get another one? The defendant asserts that it is not required in this case. The enhancement out factor of firearm discharge and proximate causation of great bodily harm, it was charged in the indictment, but it was not prosecuted through to conviction. And this, I believe, is a clear exercise of prosecutorial discretion. No special instruction. So let me be clear. You believe that they should have provided the jury with the same instruction on first degree on the attempted murder? Yes, Your Honor. In order to satisfy? In order to obtain the second enhancement. Okay. And I do think that there's, I mean, we have, as Your Honor noted, no special interrogatory on the enhancement factor in conjunction with attempt murder. The jury instruction on attempt murder did not allude to the enhancement factor, nor did the jury verdict form on attempt murder. All these things were present in the first degree murder, where the prosecution clearly sought the enhancement. It was not present in the attempt murder. As an added bit of evidence, a window into the prosecutor's intent, the defendant, though he was sentenced in January 2005, I believe, the prosecutor didn't request the enhancement, didn't request the enhancement for the next 17 or 18 months, during which jurisdiction remained with the circuit court because of the post trial motion and proceedings thereon. And, well, let me ask you, what are you suggesting we do to address, to resolve that issue? Do we resolve it ourselves or do we send it back to the circuit court to resolve the consecutive concurrent? I am asking that it be sent back to the circuit court. That's the usual practice to resolve consecutive concurrent. And as a practical matter, given the sentence that could be imposed, the enhancement sentence that could be imposed on first degree, it seems like that would be enough. I think so. I think so, Your Honor. All right. Thank you. Thank you. We'll give you a few minutes for rebuttal. Thank you. It's not a microphone. It's a recording device, so you'll have to speak up. Right here. May I please support Assistant State's Attorney, Adam Beldefield, appearing on behalf of the people. Petitioner on appeal has raised two issues before this court. First, whether or not his post conviction petition was properly dismissed as frivolous and without merit, and whether or not petitioner's sentence is void. To begin with, during his oral argument. Let me ask you this. Your position is that the sentence order is void and we should remand for resentencing. Is that what your position is? Yes, Your Honor. The Illinois Supreme Court and people be honored made very clear that when a sentence does not comply with sentencing requirements, it is void and the case needs to be remanded so that a proper sentence may be imposed upon the petitioner. Void in what sense? It's not a void in the sense that it didn't have jurisdiction to enter the sense it did? Correct. This is a separate matter from jurisdiction. This is about statutory requirements. This is a distinct issue from any sort of jurisdiction or the other cases cited in petitioner's brief. That's very much distinct from here. It sounds like it's akin to a mandamus action where, you know, the circuit court is found to have not followed the law and the order that's not in compliance with the law is vacated and a certain court is directed to follow the law. Is that the crux of those cases that say the sentencing order is void, that's not in compliance with the law? No, Your Honor. The crux of this issue is simply that there is a distinct matter where if a sentence does not comply with sentencing requirements, it's void. That's a fundamental first principle here. Judgment isn't void. The sentence. The sentence, of course. And hasn't the court been asked to revisit ARNA at any time? The Supreme Court. Correct. The Supreme Court has used ARNA and commented on ARNA since its decision. Just last year in People v. Petrenka, it said this is well-settled law. The sentence is void when it does not comply with the sentencing requirement. So this is well-settled. There's no need to take this any further. The Supreme Court has spoken quite clearly, and this court should follow and remand this case ultimately so that a proper sentence may be imposed. The minimus and the actual half sheet indicates a consecutive sentence, does it not? Well, the minimus never actually says the term consecutive. I thought that's something you suggested. No. No, sorry. The minimus only says the word concurrent. So the minimus does reflect the trial court's statement during the sentencing hearing. However, we do agree that the minimus needs to be corrected in another sense where it reflects multiple counts of murder, yet the petitioner only killed one person. And it reflects an aggravated battery and an attempt murder against the same victim. And, of course, there should only be one count where there's one act and one victim on that crime. And it will ultimately need to be corrected when an appropriate sentence is However, in terms of whether it reflects a trial court sentence, it reflects a concurrent sentence. And certainly the Illinois Department of Corrections currently has the petitioner on a concurrent sentence. And what did the oral pronouncements say? That these were to be concurrent sentences. But because the statute required a mandatory sentence. Correct. Asking that it be returned. Correct. Where the sentence did not comply with the statutory requirements, it's void and may be challenged at any time and needs to be sent back. So returning to the first issue temporarily, a petitioner has only argued here today one part of the first issue, which is whether appellate counsel was ineffective where appellate counsel failed to argue that the trial judge's response to the jury note was deficient. To succeed on such a claim, the petitioner would have to show that, to begin with, obviously that counsel's performance was deficient, but then also whether the petitioner was prejudiced and there's sufficient degree of prejudice there. The standard of review in such a claim would be abuse of discretion by the trial court. It's for the trial court to use his discretion to respond to a jury note. And here the jury note, it's not really a question. The question here was simply may we have clarification about the term mitigating factor. The question would only be yes or no, you may have it or you may not. But the real request is for a general exposition about this term. So are you saying that the note really didn't reflect confusion as much as a desire for more guidance? In a sense, perhaps. They just wanted maybe a bit of a discussion. But the point is there's no real question of law here. It's just a request for a general exposition about what the term mitigating factor might mean. But they already have two Illinois jury instructions here, So why couldn't the judge have simply said, please review that instruction that defines mitigation? Certainly, the jury has the instructions. They're instructed to return and continue deliberating with them. And the Supreme Court has said that Illinois patent jury instructions state the law in a clear and concise manner. And to give them extra instructions or to add on to what they already have here would simply ruin the point of the patent jury instruction, which is already, in the eyes of the Supreme Court of this state, settled the matter perfectly well in terms of mitigating factor. So there was simply no need. The argument that Petitioner said Director Pelley-Counsel failed to raise is simply frivolous and without merit. And, therefore, the trial court properly dismissed the post-conviction petition at the first stage. So, therefore, Your Honor, for these reasons. Well, we can't stop there. What about the attempt murder? Okay. Oh, right. The attempt murder. So the minimum sentence Petitioner is facing here is 76 years. Well, let me address it this way. Let's say a defendant is charged only with attempt murder. Would that enhancement factor have to be presented to the jury to allow the jury to decide whether that enhancement factor has been proved beyond a reasonable doubt? Well, the factor was presented to the jury through the aggravated jury by firing. Well, if there were only an attempt murder. Right. Well, are you saying that the charge itself, you don't need another instruction? It's inherent in the elements? Is that what you're saying? That's not what I'm saying. Here we're saying that they did have a separate charge that alleged the defendant to have done a reasonable guilt for that firearm enhancement to be applied. But does that enhancement element connect it only to first-degree murder and not connect it to attempt murder? There are two here. There's the first-degree murder, and then there's the separate charge for first-degree murder that establishes that the Petitioner possessed the firearm, personally discharged it, shooting the victim and killing the victim. So for the 25-year firearm enhancement on the first-degree murder. Then for the attempt murder, you have, for that victim, Antoine Walker, you have an attempt murder charge and you have an aggravated battery by firearm charge. The attempt murder charge. So there it is. That's what you're saying, that it's inherent in the element or the issues instruction of the aggravated battery with a firearm. And that's all you need. Yes, correct. Do you have any case that holds? People v. Hopkins, Your Honor. The Supreme Court, Illinois Supreme Court held that, sorry, in Hopkins you had a case where a man was found guilty of first-degree murder and very other offenses. And a sentencing enhancement was applied that put the sentence for first-degree murder beyond the regular statutory limits because the victim was over 60 years old. And the fact that he was over 60 years old was submitted to the jury approved through an aggravated battery count. So, therefore, where the central elements of the firearm enhancement are in the separate count, the jury has been submitted what it needs to find. They found it beyond a reasonable doubt. And, therefore, it's a valid enhancement here. All right. So, therefore, the minimum sentence petitioner will be facing upon remand is 76 years. First-degree murder, attempt murder, then two firearm enhancements. And are you asking that we set forth that minimum sentence in our decision should we remand? That would be nice, Your Honor, if you would set forth the minimum that defendant is facing is 76 years. And for those reasons and those stated in our brief, people request that this court remand the case for resentencing, make the alterations to the minimus, and affirm the trial court's dismissal of petitioner's post-conviction petition. Thank you. Counsel, briefly. Mr. Markfield. If we were to conclude that the state was correct in its numerical assessment that the minimum would be 76, do you agree with that? The number, not that it's correct. I know you're arguing against me. Right, Your Honor. What are you asking? I'm sorry. If we were to conclude that the enhancement had been met in terms of the sentence and then the attempt to murder with the enhancements. Then it would be 76 rather than the 51 that I'm arguing. I would just briefly make two quick points. I think that Hopkins is distinguishable, crucially distinguishable, in that the enhancement element over 60 applied to all felonies, so it was very easy to transfer the finding of the enhancement from one felony to another. All felonies were enhanced with the over 60 enhancement. Here, some felonies are not, some are, and some aren't. Aggravated discharge of a firearm is not an enhanced penalty. It's not an enhanced crime. It does not include the firearm enhancement. And there's no legal authority, I believe, to transfer a finding on a non-enhanced crime to an enhanced one. So you're saying that that case that counsel cited and that you just tried to distinguish applies only when all the charges share that enhancement factor and it doesn't apply when two out of three share that enhancement? That is essentially what I'm saying. But isn't the purpose of the statute to have a jury conclude that factor beyond a reasonable doubt as opposed to it being in a particular count? Well, I think that this goes to prosecutorial discretion. The prosecutor is not required to present the enhancement. He might have thought that it was just, it was confusing to the jury. It was just too long a sentence. It was enough on first degree. I think so. And I do want to say just on the other issue, if the jury had asked for a general exposition, they would have said something like that. They used the phrase confusing. Thank you, Your Honor. Let me ask you this. Would it be best for your client to do what the state is asking, remand this case for resentence? Yes, Your Honor. So you agree? Remand it. The sentence, there needs to be a resentencing but without the enhancement, I believe. Well, won't that be up to the trial court? I mean, you'd preserve everything if we send it back for resentencing. Yes. I mean, not to be. Think about that for a moment. It would, I think it would depend on how Your Honors would write the order. I mean, it could be left to the, it could be left for the trial court to thrash out whether the 25 years is required. But this court could also give guidance. You don't like what they do? You can always appeal it. Isn't that right? Well, yes. We could come back. Thank you, Your Honor. All right. Thank you. The case will be taken under advisement.